IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN O. DIAZ-SANTIAGO (2),<br><br>Defendant. | CRIMINAL NO. 17-337 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendant's request to revoke the U.S. Magistrate Judge's order denying pretrial release (Docket No. 30). For the reasons explained below, the motion is DENIED. Defendant shall remain detained without bail pending trial.

I.   BACKGROUND

On May 31, 2017, defendant was charged with two counts of obstruction of correspondence, in violation of 18 U.S.C. § 1702; and of assaulting, resisting or impeding officers, in violation of 18 U.S.C. § 1702 (Docket No. 10). After a detention hearing, Magistrate Judge Sylvia Carreño-Coll ordered defendant detained, finding that he represents both a risk of non-appearance and a danger to the community and that no condition or combination of conditions of release may be imposed that could reasonably secure the appearance of the defendant at further court proceedings and the safety of the community (Docket No. 14 at p. 2).

On June 26, 2017, defendant filed a "Motion for De Novo Review of Detention Order and for Evidentiary Hearing Pursuant to 18 U.S.C. § 3145(b)" (Docket No. 30). On June 27, 2017, the court scheduled a *de novo* hearing for July 5, 2017 (Docket No. 32). The hearing was held as scheduled (Docket No. 36). The government presented the testimony of OIG Special Agent

United States v. Edwin O. Diaz-Santiago
Criminal No. 17-337 (PAD)
Memorandum and Order
Page 2

Armando Cardona. Id. Based on the information received during the hearing, the court ordered that defendant remain under custody pending further record review. Id. Having reviewed the record in its entirety and listened to the recording of the detention hearing held before the Magistrate Judge, the court is persuaded that defendant should be detained without bail pending trial.[1]

## II.     LEGAL FRAMEWORK

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, permits detention of a defendant pending trial if no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. §§ 3142(b) and (e). The government must establish risk of flight by a preponderance of the evidence; and/or dangerousness by clear and convincing evidence. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

To that end, the court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the danger posed to the community by defendant's release. 18 U.S.C. § 3142(g).[2] Review of a magistrate judge's release order is *de novo*. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). The court must state in writing the reasons for the action taken. United States v. O'Brien, 895 F.2d 810, 813 (1st Cir. 1990); United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989).

---

[1] With limited exceptions and contrary to the U.S. District Judges, Magistrate Judges do not have a Court Reporter present during the numerous proceedings held before them. Therefore, unless a transcript is requested following the applicable rules and regulations, no transcript is prepared or available for those proceedings. The content of the hearing, however, is always recorded using a Digital Court Recording "DCR" program. District Judges have immediate access to DCR audio files, and may listen to the audio files when reviewing a determination made by a Magistrate Judge.

[2] The 18 U.S.C. § 1342(e) presumption does not apply here.

United States v. Edwin O. Diaz-Santiago
Criminal No. 17-337 (PAD)
Memorandum and Order
Page 3

## III.    DISCUSSION

The 18 U.S.C. § 1702 charge originates in a joint surveillance operation conducted by the Postal Service Office of Inspector General ("OIG"), the Drug Enforcement Administration ("DEA") and the Puerto Rico Police Task Force ("PRPD") on May 8, 2017.  During surveillance, officers observed an individual later identified as the defendant, driving a Toyota Venza interacting with a suspect.  They ordered defendant to stop at approximately 10:45 am in the Plaza Rio Hondo area of Road No. 167 in Bayamón-Toa Baja, Puerto Rico.[3]

Officers dismounted the vehicles wearing jacket vests with letters and badges identifying them as DEA, PRPD and OIG officers.  The Venza abruptly backed up, crashing into one of the units that was boxing it in.  Officers commanded the driver to stop, stating "Police, Stop the Vehicle," but defendant accelerated the Venza, attempted to run down an officer who was standing next to him, and sped away against heavy traffic, going over three lanes in the curb side of Road 167.  Eventually, he crashed, flipping the Venza in a swampy or wooden area, and fled on foot. The Venza was not registered in defendant's name, but in the name of an individual in the continental United States who could not explain why the defendant was in possession of his vehicle.

Officers attempted to locate defendant, interviewing his aunt and his mother.  They identified themselves as law enforcement officers, informing them separately in different locations that they wanted to interview the defendant about an accident and an assault of a federal officer.

---

[3] District judges have Court Reporters as part of their staff when presiding over the different proceedings held before them. Among other responsibilities listed in 28 U.S.C. § 753, Reporters are responsible for promptly transcribing, when requested, the original record of all proceedings held before the judge and prepare and file a certified transcript of the proceeding.  The transcript is available, following applicable rules and regulations, to parties who have arranged payment. And it is also available at the request of a judge, at no charge to the court.  District judges have access to the rough drafts of the transcripts before a formal request is made by any interested party, or the transcript is filed for the record in the court.  The court examined the transcript of the *de vovo* hearing before issuing this Memorandum and Order.

<u>United States</u> v. <u>Edwin O. Diaz-Santiago</u>
Criminal No. 17-337 (PAD)
Memorandum and Order
Page 4

The aunt said she did not communicate with defendant often, and had heard that on May 8th he allegedly was the victim of a carjacking. The mother said she did not know where defendant was and that she could not communicate with him by mobile phone because he was not able to answer calls. She stated she would let defendant know that officers were looking for him in the event she communicated with him.[4] Eventually, defendant turned himself in. Earlier this year, he pled guilty to driving without a license, and under the influence of alcohol.

     Defendant's behavior shows total disregard for the safety of the community: that of the officers and the public. While fleeing, he tried to run over an officer, damaged an official vehicle, started driving against heavy traffic, and crashed the vehicle he was driving, one that did not belong to him. He argues that he was unaware that the individual who brandished a firearm and asked him to stop the vehicle was in fact in law enforcement (Docket No. 30 at p. 4). Yet he was not approached by one vehicle but by three vehicles with blue lights customarily associated with law enforcement. When the officers dismounted their vehicles they were wearing jackets that properly identified them as law enforcement officers, and they announced themselves as such. Defendant should have known that the stop had evolved into a law enforcement intervention. Nonetheless, he tried to flee, disregarding commands to stop. And for a week an investigation had to be conducted because he could not be located.

     The facts underlying the Section 1702 offense are serious. The weight of the evidence is strong. Defendant's disregard of official commands creates serious doubts in the court's mind that he is capable of complying with court orders. He is not a newcomer to risking the public's safety. He did so not only when he fled from the scene in this case, but when he opted to drive without a

---

[4] On May 17, 2017, defendant transferred to his mother, title of a Mercedes vehicle he had in his name. That day, however, his mother said she had no way of contacting him.

<u>United States</u> v. <u>Edwin O. Diaz-Santiago</u>
Criminal No. 17-337 (PAD)
Memorandum and Order
Page 5

license, under the influence of alcohol. Having carefully considered all the evidence as well as the available range of release conditions, the court concludes that the government has shown, by preponderance of the evidence, that no condition or combination of conditions will reasonably ensure defendant's appearance in court; and by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if defendant is released. Considering the totality of circumstances, the defendant shall remain detained without bail pending trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of July, 2017.

                                                         s/Pedro A. Delgado-Hernández
                                                         PEDRO A. DELGADO-HERNÁNDEZ
                                                         United States District Judge